UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN,                                                        Case No. 24-10984

    Plaintiff,                                                              F. Kay Behm
v.                                                                            United States District Judge

ERIC R. SABREE,

    Defendant.
_____ /

### ORDER DISMISING CASE FOR FAILURE TO PAY FILING FEE

On April 15, 2024, Plaintiff Eric Martin, proceeding pro se, filed a "Constitutional Common Law Petition for Habeas Corpus Pursuant to Article 1 Sec. 9 of the U.S. Constitution" against Defendant Eric R. Sabree, the Wayne County Treasurer.  (ECF No. 1).  Plaintiff filed this action without paying the required filing fee or filing an application to proceed *in forma pauperis*.  (*See* ECF No. 2).  Accordingly, the court warned that "[i]f the filing fee is not received by the Clerk's Office or if an application to proceed *in forma pauperis* is not filed within fourteen calendar days of this notice, this case may be dismissed."  *Id.*  This Notice required Plaintiff to correct the deficiency by April 29, 2024.  *Id.*  As of today's date, Plaintiff has not paid any part of the filing fee or submitted an application to proceed *in forma pauperis*.

1

Federal law provides that "the clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350" plus any such additional fees as prescribed by the Judicial Conference of the United States. 28 U.S.C. § 1914.  Pursuant to Federal Rule of Civil Procedure 41(b), a court has the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b); *see also Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) ("This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'").  "When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).  Courts in this district have found that failure to pay a filing fee within a court-imposed deadline rises to the level of "bad faith or contumacious conduct" and merits dismissal under Fed. R. Civ. P. 41(b).  *See Jolly v. Sniscak*, No. 22-10534, 2022 WL 1547837,

2

at *1 (E.D. Mich. May 16, 2022) (citing *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order to submit a properly supported motion to proceed *in forma pauperis* [] or pay the filing fee within twenty days "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal.")).

Here, the court's April 15, 2024 Notice warned Plaintiff that failure to pay the required filing fee or submit an application to proceed *in forma pauperis* by the listed deadline could result in dismissal of the underlying action. (ECF No. 2, PageID.8). Since that Notice was filed, Plaintiff has not paid the filing fee, submitted an application to proceed *in forma pauperis*, or contacted the court in any way. As such, this action is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED**.

Date: May 7, 2024  s/F. Kay Behm
F. Kay Behm
United States District Judge